Muse, Christopher J., J.
Plaintiff, Matthew Roy, brought this complaint alleging negligence against defendant Mass. Department of Conservation & Recreation (“DCR”), for injuries he sustained while riding his bicycle on a public way in Cambridge. DCR moved to dismiss for failure to state a claim upon which relief can be granted pursuant to Mass.R.Civ.P. 12(b)(6). For the following reasons, defendant’s Motion to Dismiss is ALLOWED.

*300
BACKGROUND

On February 12, 2003, Matthew Roy rode his bike to work after a snowstorm. As he was riding, he noticed that the bike path along Memorial Drive in Cambridge had not been cleared of snow and ice. Plaintiff then decided to ride his bike along Memorial Drive itself within the motor vehicle lanes. While riding in the motor vehicle lanes, Mr. Roy’s bicycle struck a pothole next to a storm drain at the comer of River Street. The impact with the pothole caused him to be thrown from the bike and resulted in injuries to plaintiffs head, teeth, and extremities.
Plaintiff claims that DCR[1] failed to plow and maintain the bike path along Memorial Drive, thereby forcing him to use the roadway itself causing his injuries. DCR moved to dismiss under Mass.Civ.R.P. 12 (b) (6) asserting that it had no duty to remove natural snow and ice accumulations on the bike path. Instead, DCR argues that discretionary immunity under G.L.c. 258, §10(b) absolves it of any liability related to plaintiffs injuries. The court agrees.

DISCUSSION

G.L.c. 258 sets forth a number of immunities available to public employers including the DCR. Specifically, the “discretionary function” immunity provides that “any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a public employer or public employee, acting within the scope of his office or employment, whether or not the discretion involved is abused” may not be the subject of a lawsuit. Id. at §10(b). State agencies have vast discretion in establishing where and how its resources will be allocated through its enabling legislation, and Massachusetts courts have abided by that executive discretion. See id., Barnett v. City of Lynn, 433 Mass. 662, 665-66 (2001) (where the court noted that “a court cannot review ‘without usurping the power and responsibility of the . . . executive branch’ ” issues such as snow removal, available resources and allocation therefore and that G.L.c. 258, § 10(b) would bar such claims). Therefore, whether or not DCR had a duty to maintain the bike path is dispositive to plaintiffs allegations that it was negligent in failing to remove the snow and ice thereon.
After hearing, plaintiff was unable to produce statutory or case law support for the proposition that DCR has an affirmative duty to plow natural accumulations of snow and ice on bike paths. Moreover, the fact that plaintiff was injured while riding his bike on Memorial Drive in Cambridge is not disputed, nor is the duty imposed on the Commonwealth to maintain public ways free from defects, which includes Memorial Drive. See G.L.c. 84, §15. Moreover, the court finds that DCR has unfettered discretion in the allocation of its resources. Its enabling legislation gives the agency the ability to determine which public ways will be paved, in what order, and in what frequency within the Commonwealth. Therefore, because plaintiff cannot establish that DCR owed him a duty to plow the bike path, which thereby forced him to use Memorial Drive instead, a claim for negligence on those grounds cannot survive.[2]

ORDER

For the reasons stated herein, it is hereby ordered that because plaintiff has failed to establish that the defendant owed him a duty to remove natural accumulations of snow and ice on the bike path, defendant’s Motion to Dismiss pursuant to Mass.R.Civ.P. 12(b)(6) is ALLOWED.

 DCR is the state agency responsible for maintaining public ways within and part of a park system.

 However, plaintiff may pursue negligence claims against the Commonwealth for injuries he sustained while riding his bicycle on Memorial Drive because it is undisputed that plaintiff suffered injuries when he struck a pothole on that public way. See G.L.c. 81, §18; c. 84, §15.